IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARIA LOURDES GUERRA-JUAN,

        Plaintiff,

vs.

SGS NORTH AMERICA, INC., a Delaware
Corporation,

        Defendant.
_____/

## COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

COMES NOW Plaintiff MARIA LOURDES GUERRA-JUAN, by and through her undersigned counsel, and files this Complaint for Violation of the Fair Labor Standards Act against the Defendant SGS NORTH AMERICA, INC., a Delaware Corporation ("SGS"), and alleges as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff, who was employed by Defendant from the year 1986 to January 29, 2010 (with a brief lay-off period during the year 2008), brings this action to redress the deprivation of rights secured to Plaintiff by the minimum wage and maximum hour provisions and to recover minimum wage and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA").

2.    Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding

arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiff was a resident of the County of Miami-Dade, Florida.

5. At all times material hereto, Defendant SGS was a Delaware corporation doing business in Florida, with its business address at 7769 N.W. 48th Street, Suite 250, Doral, Florida 33166 in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and was engaged in providing inspection, verification, testing and certification services in Miami-Dade County, Florida within the jurisdiction and district of this Court.

6. During the time period from September 2007 and continuing through to January 29, 2010 (with a brief layoff during the year 2008), Defendant employed Plaintiff as an "at-will", nonexempt, customer service worker in Defendant SGS's offices in Miami-Dade County, Florida.

7. Plaintiff is informed and believes and hereby alleges that during the relevant time periods material hereto, Defendant SGS's gross annual revenues were in excess of $500,000.00.

8. At all times material hereto, Defendant SGS was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, Defendant were involved in providing inspection, verification, testing and certification services in interstate commerce.

9. By reason of the foregoing, Defendant was during all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

10. At all times material hereto, Plaintiff, in performing her job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business of Defendants, i.e., working in Defendant SGS's offices as a customer services representative, which was directly essential to the business operated by Defendant.

11. At all times material hereto, Plaintiff did not have a clear understanding as to how she was to be compensated with respect to her overtime work.

## COUNT I
## VIOLATIONS OF OVERTIME PAY PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANT

12. Plaintiff realleges and reaffirms Paragraphs 1 through 11 as if fully set out in this Count I.

13. During the period of time from September 2007 to March 15, 2008, and then again from December 18, 2008 to January 29, 2010, Plaintiff routinely worked in excess of forty (40) hours per week for Defendant. Specifically, Plaintiff estimates that she worked at least fifty-two hours per week every week during her employment.

14. Plaintiff was not paid for the overtime hours that she worked at the statutory rate of one and one-half times her regular rate. Plaintiff was entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

15. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Defendants as defined in 29 U.S.C. §203(g).

16. Defendant failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates not less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. §207(a).

17. At all times material hereto, Defendant knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated

3

the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

18. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## PRESUIT DEMAND

19. On May 28, 2010, Plaintiff, through undersigned counsel, sent a written demand to Defendant SGS to pay the amounts owed to Plaintiff, but Defendant has failed and refused to pay such amounts.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

20. Plaintiff, by and through her undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, Plaintiff MARIA LOURDES GUERRA-JUAN respectfully requests that a judgment be entered in her favor against Defendant SGS as follows:

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime wage provisions of the FLSA;

(b) Permanently enjoin the Defendant, its agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c) Awarding Plaintiff overtime compensation for all hours that she worked for Defendant over forty (40) hours per week, but for which she was not compensated at the statutory overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this ___1___ day of September 2010.

                              LAW OFFICES OF
                              SANTIAGO J. PADILLA, P.A.

                              By: _____
                              Santiago J. Padilla, Esq.
                              Florida Bar No.: 0037478
                              Attorney for Plaintiff

                              Law Offices of Santiago J. Padilla, P.A.
                              1001 Brickell Bay Drive, Suite 1704
                              Miami, Florida 33131
                              Telephone: (305) 358-1949
                              Facsimile: (305) 358-2141